UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTHONY ANTOINE** | **CASE NO.  2:22-CV-04742** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SOUTHERN FIDELITY INSURANCE CO** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Rule 56 Motion for Summary Judgment" (Doc. 25) filed by Defendant, Louisiana Insurance Guaranty Association" (hereinafter referred to a "LIGA") wherein LIGA moves to dismiss Plaintiff's property claims as a result of Hurricanes Laura and Delta. Plaintiff has filed no opposition to the Motion and the time for doing so has now expired.

## BACKGROUND

Plaintiff, Anthony Antoine ("Plaintiff"), through the MMA law firm, filed the instant suit against LIGA on August 25, 2022, alleging his property sustained damage from the effects of Hurricane Laura and Hurricane Delta on August 27, 2020 and October 9, 2020.[1] Plaintiff alleged that when Hurricane Laura and Hurricane Delta occurred, Southern Fidelity Insurance Company ("Southern Fidelity") insured Plaintiff's property, located at 303 River Street, Oakdale, Louisiana 71463, through a policy insurance.[2]

---

[1] Exhibit C, Plaintiff's Complaint.
[2] *Id.*

## S<small>UMMARY</small> J<small>UDGMENT</small> S<small>TANDARD</small>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

LIGA maintains that there are no genuine issues of fact for trial that: (1) there is no evidence that a claim was filed by Plaintiff with the insolvent insurer, Southern Fidelity; (2) there is no evidence that there was an active insurance policy with Southern Fidelity in effect for the subject property that provides coverage. LIGA moves to dismiss Plaintiff's claims with prejudice.

The record reflects that MMA failed to execute the issued summons[3] as to Southern Fidelity. As such, Southern Fidelity never received notice of Plaintiff's Complaint. On June 15, 2022, the Second Judicial Circuit Court, in and for Leon County, Florida, declared Southern Fidelity insolvent, rendering it an "insolvent insurer" as defined by La. R.S. § 22:2051, *et seq.*[4] In connection with Southern Fidelity's liquidation, the Second Judicial Circuit Court ordered that all claims against Southern Fidelity had to be filed on or before June 15, 2023.[5]

On July 23, 2024, LIGA filed a Motion to Substitute Party, and on August 5, 2024, LIGA was added as a Defendant replacing Southern Fidelity. The Complaint was served upon LIGA September 27, 2024, which is the First Notice of Loss of any claim asserted against any policy of insurance issued by Southern Fidelity in the state of Louisiana for

---

[3] Doc. 3.
[4] Doc. 25, P. 7.
[5] *Id.*

damages allegedly sustained to the immovable property located at municipal address 303 River Street, Oakdale, Louisiana 71463 on or about August 27, 2020 and October 9, 2020, as a result of Hurricane Laura and Hurricane Delta.[6]

Notably, the Second Judicial Circuit court ordered that all claims against Southern Fidelity had to be filed on or before June 15, 2023.[7] LIGA alleges that Plaintiff cannot prove that his claim was reported to the Receiver for Southern Fidelity by June 15, 2023, or that Southern Fidelity ever received notice of the Complaint, and as a result, it's not a "covered claim" for which LIGA is responsible.[8]

LIGA also alleges that there was no active Southern Fidelity insurance policy on Plaintiff's property on the dates of the aforementioned loss. LIGA has submitted as summary judgment evidence the Affidavit of Diedre Arceneaux, the Claims Manager for LIGA, who attests that LIGA has full access to the policy records and claim file records of Southern Fidelity.[9] Arceneaux attests that she has examined the claims file record of Southern Fidelity, and there is no record of any claim against Southern Fidelity on behalf of Anthony Antoine, and/or any proof of claim having been submitted to Southern Fidelity, the Receiver or LIGA.[10]

---

[6] *Id.* P. 4, ¶ 4.
[7] Defendant's exhibit A, Consent Order Appointing the Florida Department of Financial Services as Receiver of Southern Fidelity Insurance Company for Purposes of Liquidation, Injunction, and Notice of Automatic Stay. Doc. 26-1.
[8] *Id.* ¶ 7.
[9] Defendant's exhibit 1, Affidavit of Diedre Arceneaux, ¶ 7, Doc. 25-1.
[10] *Id.* ¶ 8.

Plaintiff has failed to present any summary judgment evidence to dispute this fact. As such, there is no genuine issue of material fact for trial as to Plaintiff's claims against LIGA.

## **CONCLUSION**

For the reasons explained herein, the Court will grant the Rule 56 Motion for Summary Judgment" (Doc. 25) filed by Defendant, Louisiana Insurance Guaranty Association and dismiss this lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 17th day of November, 2025.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**